# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN RE: **EILEEN GUZMAN**

DEBTOR(S)

BK. CASE # **17-03184**

CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims.** Any party entitled to receive disbursements from the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
   [✓] directly [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
3. [ ] The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

PLAN DATED: _____   [✓] AMENDED PLAN DATED: **August 7 2017**
[✓] PRE [ ] POST-CONFIRMATION   FILED BY [✓] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | 350.00 x 12 = $ | 4,200.00 |
| $ | 550.00 x 48 = $ | 26,400.00 |
| $ | 0.00 x 0 = $ | 0.00 |
| $ | 0.00 x 0 = $ | 0.00 |
| $ | 0.00 x 0 = $ | 0.00 |
|   | TOTAL = 60 $ | 34,500.00 |

Additional Payments:
$ _____ to be paid as a LUMP SUM
within _____ with proceeds to come from

[ ] Sale of property identified as follows:
[ ] Other:

Periodic Payments to be made other than and in addition to the above.
$ 1,300.00 x 3 = $ 3,900.00
To be made on: _____

**PROPOSED PLAN BASE: $ 34,500.00**

### II. ATTORNEY'S FEES
To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement:  $ **3,000.00**
b. Fees Paid (Pre-Petition):  ($ **500.00** )
c. R 2016 Outstanding balance: ($ **2,500.00** )
d. Post Petition Additional Fees: $ **0.00**
e. Total Compensation:  $ **3,000.00**

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:** [ ] Debtor represents that there are no secured claims.
[✓] Secured creditors will retain their liens and shall be paid as follows:
[✓] **ADEQUATE PROTECTION** Payments: Cr. **POPULAR AUTO** $ **150.00**

[ ] Trustee will pay secured **ARREARS**:
Cr. _____   Cr. _____   Cr. _____
Acct. _____  Acct. _____  Acct. _____
$ _____   $ _____   $ _____

[ ] Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)
Cr. _____   Cr. _____   Cr. _____
Acct. _____  Acct. _____  Acct. _____
Monthly Pymt.$ _____  Monthly Pymt.$ _____  Monthly Pymt.$ _____

[✓] Trustee will pay IN FULL Secured Claims:
Cr. **ANDERSON FINANCIAL SERVICES OF PR**   Cr. **POPULAR AUTO**   Cr. _____
$ **1,879.00**  $ **22,600.00**  $ _____

[ ] Trustee will pay VALUE OF COLLATERAL:
Cr. _____   Cr. _____   Cr. _____
$ _____   $ _____   $ _____

[ ] Secured Creditor's interest will be insured. INSURANCE POLICY will be paid through plan:
Cr. _____  Ins. Co. _____  Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[ ] Debtor SURRENDERS COLLATERAL TO Lien Holder: _____
[ ] Debtor will maintain REGULAR PAYMENTS DIRECTLY to: _____

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
[✓] **DEPT OF THE TREASURY, IRS**

**C. UNSECURED PREFERRED:** Plan [ ] Classifies [✓] Does not Classify claims
[ ] Class A: [ ] Co-debtor Claims: [ ] Pay 100%/ [ ] "Pay Ahead"
[ ] Class B: [ ] Other Class:
Cr. _____   Cr. _____   Cr. _____
$ _____   $ _____   $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = **0.00** )
$ _____
[ ] Will be paid 100% plus % Legal Interest. [ ] Will be paid Pro-Rata from any remaining funds

OTHER PROVISIONS:

Signed: **/s/ EILEEN GUZMAN**

| DEBTOR | * For additional other provisions, please see attachment sheet(s). |
|---|---|
| JOINT DEBTOR | |

ATTORNEY FOR DEBTOR: /s/ **MELISSA COFAN HERNANDEZ**  Phone: (787)640-6882/ (787)908-6232

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE: **EILEEN GUZMAN**

DEBTOR(S)

BK. CASE # **17-03184**

CHAPTER 13

## Chapter 13 Plan Continuation Sheet

**Additional Other Provisions:**
Other provisions:

ANY POST PETITION INCOME TAX RETURN THAT THE DEBTOR WOULD BE ENTITLE TO RECEIVE DURING THE TERM OF THE PLAN WILL BE USED TO FUND THIS PLAN AFTER ITS CONFIRMATION AND WITHOUT FURTHER NOTICE HEARING OR COURT ORDER THE PLAN SHALL BE DEEMED MODIFIED BY AN AMOUNT EQUAL OF EACH INCOME TAX RETURN.

DEBTOR WILL MAINTAIN VEHICLE WITH BANCO POPULAR FULLY INSURED. THIS INSURANCE WILL BE PAID DIRECTLY BY DEBTOR

THE TRUSTEE WILL NOT PAY THE INSURANCE.

PERIODIC PAYMENTS WILL COME FROM ADJUSTMENT IN YEARLY EXPENSES AND FROM EXPECTED FUTURE INCOME.